DeWine, J., dissenting.
{¶ 35} The majority today reimagines Ohio's necessaries statute, R.C. 3103.03, to mandate that a claim for necessaries must first be presented to a decedent's estate. Along the way, the majority announces a broad new rule that subjects not only claims under R.C. 3103.03 but other creditor claims to estate-law requirements. None of this is justifiable as a matter of statutory construction.
{¶ 36} Almost lost in the majority opinion is that resolution of this case simply requires the construction of two lines of statutory text. The necessaries statute provides that if a married person who is able to do so fails to support her spouse, "any other person * * * may supply the spouse with necessaries * * * and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse." R.C. 3103.03(C). The other statute cited by the majority establishes the procedure for the presentment of "claims against an estate," R.C. 2117.06. Because the necessaries statute permits a claim to be made directly against the married person who failed to provide necessaries, the statute of limitations set forth in R.C. 2117.06 for "claims against an estate" has no application. It is that simple.
{¶ 37} It is true that before recovering payment from Cora, Embassy must show that Robert himself was unable to pay. R.C. 3103.03(A). And of course, showing that a claim against the estate was not satisfied is one way to show that a spouse was unable to pay for his own support. But nothing in R.C. 3103.03 prescribes how an inability to pay must be established. Indeed, a party could likely comply with the requirement simply by submitting records establishing that a person died with no assets.
*439 {¶ 38} Instead of looking to the plain language, the majority grafts R.C. 2117.06's requirements onto the necessaries statute and says that Embassy had to first present its claim against Cora to Robert's estate. Because a claim wasn't presented against the estate within the six-month time limit provided by *125 R.C. 2117.06(B), the majority concludes that Embassy was not permitted to seek payment under R.C. 3103.03 -a statute that until today set forth an entirely separate action.
{¶ 39} According to the majority's new rule, when an estate has not been opened, a creditor who wishes to pursue a necessaries claim must undertake the burden of having an estate opened under R.C. 2113.06, even when the decedent left no assets and when the opening of an estate is an obviously futile exercise. Take for example a no-asset decedent, a rich surviving spouse, and an in-home nurse who is owed a substantial amount for care rendered to the decedent. The necessaries statute says the nurse has a right to be compensated by the surviving spouse. But under today's ruling, before pursuing a claim against the spouse, the nurse must undertake the vain act (and the expense) of opening an estate for the decedent and filing a claim against the estate. Only when the claim is denied may the nurse pursue a claim under the necessaries statute. What a waste of time and money.
{¶ 40} The majority gets to its new rule through a novel construction of R.C. 2117.06. In the penultimate paragraph of its opinion, the majority makes the sweeping pronouncement that the presentment requirement of R.C. 2117.06 applies to all
"creditors having claims against an estate," not just to creditors who actually seek payment from an estate. * * * A creditor with an enforceable claim against a decedent cannot opt out of the requirements of R.C. 2117.06. That person is a "creditor" with a "claim" that must be presented timely to the estate.
Majority opinion at ¶ 32, quoting R.C. 2117.06. In other words, under the majority's reading of the statute, presentment of a claim to the estate is mandatory, not only to recover from the estate but to pursue that claim at all. If a creditor has a potential claim against a decedent and does not present the claim to the estate, the creditor is permanently barred from pursuing the claim against another party who is also liable.
{¶ 41} In reaching this result, the majority reads the phrase "[a]ll creditors having claims against an estate" out of context. R.C. 2117.06(A) sets forth procedures for creditors to present a claim against the estate: "All creditors having claims against an estate * * * shall present their claims in one of the *440 following manners." The remainder of R.C. 2117.06 establishes a limitation period for presentment of claims and delineates rules concerning the allowance and disallowance of claims that have been presented. Read in context, the phrase "[a]ll creditors having claims against an estate" simply makes clear that R.C. 2117.06 is the sole avenue for a creditor to pursue a claim against an estate. Nothing in R.C. 2117.06 mandates that a creditor who potentially has a claim against an estate must present that claim or forgo another independent source of recovery.
{¶ 42} The majority's misreading of the statutory scheme is put into sharp focus when one considers the implications for cases that go beyond necessaries. Imagine a tort action in which a decedent and another person are jointly and severally liable for injuries to a plaintiff. Under the majority's rendering of R.C. 2117.06, all creditors having claims against the estate are bound to present them to the estate. So the injured person would be compelled to file a claim against the decedent's estate-and if necessary, to open an estate-before he could pursue a claim against the second tortfeasor. Likewise, a creditor of a *126 partnership, in which one partner has died, would have to present a claim against the deceased partner's estate before seeking payment from the other partner. The same goes for any creditor who wishes to collect on a debt that was jointly owed by a decedent and a living party.
{¶ 43} If the majority really means what it says-that the requirements of R.C. 2117.06 are mandatory and that a claim must first be presented against an estate even when a creditor has a legal right to pursue another avenue of recourse-it has worked a substantial rewrite of a large chunk of debtor-creditor law. The majority tap dances around the issue by explaining that its statutory reading applies only to this case. Left unexplained is why the statute should be read one way for this case and another way for a different case.
{¶ 44} This is all the more reason why we ought to stick to what the statutes in question actually say. Under a plain reading of its terms, R.C. 3103.03 does not require that a claim for necessaries always be first presented to a decedent's estate. Nor does R.C. 2117.06 mandate that in all cases, creditors seek payment from an estate. Because the majority holds differently, I respectfully dissent. I would affirm the judgment of the court of appeals.